Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alexander Stross, an individual, | Case No. |
| Plaintiff, | COMPLAINT FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| v. | |
| Houzz, Inc., a Delaware Corporation; and Does 1-10, | Jury Trial Demanded |
| Defendants. | |

Alexander Stross, through counsel, hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Alexander Stross is an individual residing in Austin, Texas.

5.  Upon information and belief, Defendant Houzz Inc. is a Delaware corporation with its principal place of business located at 285 Hamilton Ave, 4th Floor, Palo Alto, CA 94301. Upon information and belief, Houzz maintains an office in Santa Monica, CA, in this judicial district. Houzz is the owner, operator, and/or controller of the website houzz.com and its related/affiliated websites, mobile applications, products, software, services, programs, networks, plug-ins, and browser extensions (collectively, "Houzz's Platform"). Houzz is also the owner, operator, and/or controller of two content delivery networks, st.houzz.com and st.hzcdn.com, which create and cache copies of photos for the delivery of that content to Houzz's Platform (collectively, "Houzz's CDNs"). Third-party websites can link to content cached on Houzz's CDNs.

6.  Upon information and belief, Defendants Does 1 through 10 (collectively, "Doe Defendants") (altogether with Houzz, "Defendants") are other parties not yet identified who have infringed Stross's copyrights, have contributed to the infringement of Stross's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to Stross, which therefore sues said Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.  Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including full knowledge of each violation of Stross's rights and the damages to Stross proximately caused thereby.

## HOUZZ'S PLATFORM AND COPYRIGHT POLICY

8. Houzz touts that its Platform is dedicated to home renovation and interior design and allows users to connect and find or offer ideas, products, or services related to home renovation and design.

9. Users of Houzz's Platform can shop by department (e.g., furniture, outdoor, bathroom, kitchen and dining, living room), browse professionals (e.g., architects and building designers, design-build firms, general contractors, home builders, interior designers and decorators, kitchen and bathroom designers), contact local professionals (e.g., bathroom remodeling, home remodeling, kitchen remodeling, general contracting, new home construction), browse ideas by room (e.g., kitchen, bath, bedroom, living, dining, outdoor), view stories, and browse photos by style (e.g., contemporary, eclectic, modern, traditional, beach style), among other things. Those photos are generally posted by users of Houzz's Platform.

10. Houzz states on its Platform that users who have uploaded content have represented and warranted that they have the right(s) to use that content on Houzz's Platform. Houzz has the right and ability to remove or suspend content on its Platform if the content infringes the copyrights or other intellectual property rights of others. Houzz also has the right and ability to disable and/or terminate accounts of users who repeatedly infringe or are charged repeatedly with infringing the copyrights or other intellectual property rights of others.

11. Houzz registered itself with the U.S. Copyright Office as a service provider under the Digital Millennium Copyright Act ("DMCA") in connection with its Platform. As a service provider, Houzz is required to register and maintain a designated agent with the U.S. Copyright Office. As long as Houzz complies with the DMCA's notice-and-takedown requirements for user-generated content on Houzz's Platform, the DMCA grants Houzz a "safe harbor" from liability for copyright infringing user-generated content. However, if Houzz does not comply,

3
COMPLAINT

it loses its "safe harbor" protection, and a copyright holder can pursue a claim for secondary liability for copyright infringement against Houzz.

12. If a copyright holder believes that content on Houzz's Platform or hosted by Houzz infringes their copyright(s), the copyright holder or their agent may send a notice to Houzz's designated agent under the DMCA requesting that the content be removed or blocked and including substantially the following information: (a) a signature; (b) identification of the copyrighted work infringed (or if multiple copyrighted works located on the Houzz Platform are covered by a single notification, a representative list of such works); (c) identification of the infringing material or the subject of infringing activity, and information reasonably sufficient to allow Houzz to locate the material on its Platform; (d) contact information for the complaining party or its agent; and (e)-(f) statements of a good faith belief that the complained-of content is unauthorized and that the information in the notice is accurate (collectively, a "Takedown Notice"). These are essentially the requirements of a notice of claimed infringement under 17 U.S.C. § 512(c)(3)(A)-(B) of the DMCA.

13. Upon receipt of a DMCA-compliant Takedown Notice, Houzz is required to act expeditiously to remove, or disable access to, the complained-of content. If it fails to do so, its "safe harbor" protection under the DMCA falls away with respect to the infringing content identified in the Notice.

14. Houzz states that if it determines that the allegedly infringing content does not require removal, it will remove that content only pursuant to a court order declaring the content or its use unlawful.

15. Houzz states that if a user of Houzz's Platform believes in good faith that a Takedown Notice has been wrongly filed against them or their content, they can submit a counter-notice to Houzz under the DMCA that must include the following information: (a) name, address, and telephone number; (b) identification of the material that has been removed or to which access has been disabled, and the

location at which the material appeared before it was removed or access to it was disabled; (c) a statement under penalty of perjury of a good faith belief that the content was removed or disabled as a result of a mistake or misidentification; (d) a statement consenting to jurisdiction and accepting service of process from the complaining party; and (e) a signature (for example, typing your full name). These are essentially the requirements of a counter-notice under 17 U.S.C. § 512(c)(3) of the DMCA.

16. Upon receipt of a DMCA-compliant counter-notice, Houzz must promptly provide the complaining party with a copy of the counter-notice and information the complaining party that Houzz will reinstate the complained-of content on Houzz's Platform unless the complaining party files an action within 10-14 business days of receiving the counter-notice seeking a court order to restrain the counter-noticing user(s) of Houzz's Platform from engaging in infringing activity relating to the content at issue in the notice.

**HOUZZ FAILS TO EXPEDITIOUSLY REMOVE INFRINGING USES OF THE SUBJECT PHOTOGRAPHS BY USERS OF HOUZZ'S PLATFORM**

17. Stross is a professional photographer who took and owns the copyrights in 54 original photographs registered with the U.S. Copyright Office under Reg. Nos. VAu 989-644, VAu 1-088-759, VAu 1-089-810, VAu 1-101-569, VAu 1-103-498, VAu 1-141-050, and VAu 1-198-970 (collectively, the "Subject Photographs"). Copies of the Subject Photographs are set forth in **Exhibit 1**.

18. Users of Houzz's Platform uploaded, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise exploited copies of the Subject Photographs on and to Houzz's Platform and CDNs without a license, authorization, or consent from Stross (collectively, the "Infringing Uses"). Representative examples of the Infringing Uses are set forth in **Exhibit 1**.

19. On April 21, 2021, Stross sent a Takedown Notice to Houzz regarding the unauthorized use(s) of copies of the Subject Photographs on Houzz's Platform.

The Takedown Notice contained the information required for an effective Takedown Notice under the DMCA. Houzz failed to remove the complained-of Infringing Uses.

20. By September 2021, Houzz had still failed to remove any of the Infringing Uses. On September 14, 2021, Stross' legal counsel sent a Takedown Notice to Houzz. The Takedown Notice contained the information required under the DMCA, and included the April 2021 Takedown Notice as an exhibit. This Notice also included a table of each Subject Photograph matched to screen captures of the corresponding Infringing Use(s) and their respective Uniform resource Locators ("URLS") on Houzz's Platform and Houzz's CDNs. The URLs in Stross' April 2021 and September 2021 were legible and text searchable. A representative example is below:






Direct Links to Infringing material:
https://st.hzcdn.com/fimgs/40217ef10d2ca7be_1834-w300-h300-b1-p10--.jpg

Direct Links to Infringing material:
https://st.hzcdn.com/fimgs/40217ef10d2ca7be_1834-w300-h300-b1-p10--.jpg

21. On September 16, 2021, Houzz acknowledged receipt of the September 2021 Takedown Notice.

22. On September 22, 2021, Houzz stated that it needed a list of links that lead directly to the reported material. But that information was already included in both the April 2021 and September 2021 Takedown Notices. Nevertheless, that same day, Stross' legal counsel sent Houzz an additional list of URLs for the Infringing uses on Houzz's Platform and CDNs.

23. On October 1, 2021, Houzz stated that it took steps to remove both the URLs and the images that were associated with photos on Houzz's Platform. And on October 18, 2021, Houzz stated that there were no communications between Houzz and any third parties regarding the images at issue apart from any automated messages sent following the Takedown Notices, meaning that Houzz did not receive any DMCA counter-notices in response to Stross' Takedown Notices.

24. Stross attempted to resolve this dispute amicably with Houzz following Houzz's October 2021 communications, but his attempts were rebuffed.

25. Worse still, Houzz's October 1, 2021 statement was a misrepresentation, as it failed to remove *all* of the Infringing Uses—including at least the Infringing Use shown in Paragraph 20—through January 2023:

///

///

7
COMPLAINT





* * *

26. Despite its receipt of multiple Takedown Notices[1] that clearly identified the Subject Photographs, Stross' ownership of those Photographs, the Infringing Uses (which are verbatim copies of the Subject Photographs), and where to find those Uses on Houzz's Platform and CDNs, Houzz failed to remove a single Infringing Use until six months after Stross' first Notice. Thus, Houzz's failure to expeditiously remove the Infringing Uses—and, upon information and belief, its failure to implement and actually enforce a repeat infringer policy that adequately deterred the proliferation of the Infringing Uses on its Platform— necessitated this action.

## FIRST CLAIM FOR RELIEF

### (For Contributory Infringement – Against Houzz)

27. Stross incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

28. Houzz has the right and ability to supervise its Platform and CDNs and the content posted thereon, including removing copyright-infringing content. Houzz also has the right and ability to oversee the uses of the Infringing Uses on its Platform. Accordingly, Houzz is in the best position to remove and prevent copyright-infringing content from proliferating on its Platform.

29. Since April 2021, Houzz had actual knowledge, and/or was aware of the facts or circumstances, of the Infringing Uses (i.e., specific infringing material uploaded and exploited by users of Houzz's Platform). The information provided in the numerous Takedown Notices that Houzz admits it received contained substantially the information called for under the DMCA. Moreover, the

---

[1] To clarify, in this action Stross is only pursuing contributory copyright infringement claims against Houzz and only in connection with (1) the Subject Photographs shown in Exhibit 1, and (2) Infringing Uses uploaded and exploited by third-party users of Houzz's Platform. That is, Stross did not post the Subject Photographs or Infringing Uses on Houzz's Platform, and the claims at issue in this action do not arise from, and are not related to, any use of Houzz's Platform by Stross.

Takedown Notices presented and formatted that information based on the relationship between the means for finding the Infringing Uses (i.e., screenshots and URLs) and the Infringing Uses themselves.

30. Houzz has the tools, resources, staff, technological capabilities, and knowledge of/about photographs on its Platform and CDNs (including the Infringing Uses) to expeditiously locate and remove the Infringing Uses, and thereby prevent further infringement of Stross' copyrights in the Subject Photographs. Doing so requires only simple measures from Houzz. Yet it sat on its hands and failed to expeditiously remove, or disable access to, the Infringing Uses. Instead, it continued (and with respect to at least one Infringing Use, continues) to materially contribute to further use of the Infringing Uses by (1) continuing to provide access to the Infringing Uses (i.e., by failing to act); and (2), *inter alia* and upon information and belief, continuing to provide access to the Infringing Uses by allowing users to (a) select the Infringing Uses for upload, download, transmission, and/or distribution, as well as initiate and instigate the display of those Uses on Houzz's Platform; and (b) store, cache, and/or distribute multiple copies of the Infringing Uses on Houzz's Platform and CDNs.

31. And, upon information and belief, Houzz has failed to adequately enforce its repeat infringer policy with respect to the Infringing Uses and the users who posted them, as evidenced by, *inter alia*, Houzz's continued display and distribution of at least one Infringing Use with no evident action taken against the user who posted it.

32. The combination of Houzz's knowledge and awareness of the Infringing Uses, its failure to expeditiously remove or disable access to the Infringing Uses after obtaining that knowledge and awareness, and its failure to adequately enforce its repeat infringer policy, removes any potential safe harbor protection afforded to Houzz under the DMCA, 17 U.S.C. § 512.

33. Due to Houzz's acts of contributory copyright infringement, Stross has suffered damages in an amount to be established at trial.

34. Due to Houzz's acts of contributory copyright infringement, Houzz has obtained profits it would not have realized but for its contributory infringement of Stross' copyrights in the Subject Photographs. As such, Stross is entitled to disgorgement of Houzz's profits attributable to its contributory infringement of Stross' copyrights in the Subject Photographs in an amount to be established at trial.

35. Upon information and belief, Houzz has committed acts of contributory copyright infringement with actual knowledge of, or in reckless disregard for, Stross' copyrights in the Subject Photographs, which renders those acts willful, intentional, and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from using in any way the Subject Photographs without a license, authorization, or consent from Plaintiff or pursuant to an independent legal right (e.g., fair use), including an Order requiring Defendants, and each of them, to remove all copies of the Subject Photographs and/or Infringing Uses from Houzz's Platform and CDNs;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringements, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees and costs of this action under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 12, 2023

DONIGER/BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*